———————O———————

No. 5872.

## MARY LUCKET vs. JUNIUS HART PIANO HOUSE COMPANY, LIMITED.

### Syllabus.

1. The defendant was a depository who received a reward for preserving the deposit and whose duty it was to return the deposit upon the demand of the depositor and repayment by the latter of the claims arising from the deposit.

2. It was a violation of law for the defendant, while acting in the fiduciary capacity of depository to sell the deposit without the consent of the owner or without resorting to legal

proceedings. The Courts were open for the assertion of such rights as defendant may have had.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 79,480, Hon. F. D. King, Judge.

Stafford, Lambert & Robinson, attorneys.

L. Depoorter and Josiah Gross, for appellants.

Solomon Wolff, for defendant and appellee.

His Honor, HORACE L. DUFOUR, rendered the opinion and decree of the Court, as follows:

In November, 1901, plaintiff bought from defendant on the installment plan a piano for the sum of $350, on which from time to time she has paid various sums amounting in the aggregate to $195.

In October, 1902, plaintiff stored her piano with the defendant for a consideration and with the exception of a few months when she resumed possession of it, it remained stored with defendant.

In December, 1904, she was informed that without her knowledge and consent her piano had been sold.

She then sued for the return of the purchase price paid, $195, and for $100 damages for the illegal sale of the same.

The defendant was a depositary who received a reward for preserving the deposit and whose duty it was to return the deposit upon the demand of the depositor and repayment by the latter of the claims arising from the deposit. R. C. C., 2937, et seq.

It was a violation of law for the defendant, while acting in the fiduciary capacity of depositary to sell the piano without the consent of the owner and without resorting to legal proceedings. The fact that something may have been due on the purchase price was no justification; the

Courts were open for the enforcement of defendant's rights. Its breach of contract has cancelled the plaintiff's obligation and she is entitled to be made whole by recovering the amount paid by her on account of the price of the piano of which she has been deprived.

She is also entitled to damages for the illegal disposition made of her property but as there appears to have been no malice we shall allow only $25.

Judgment reversed and it is now ordered that there be judgment in favor of plaintiff, Mrs. Mary Lucket and against defendant, the Junius Hart Piano House, Limited, in the sum of twenty-five dollars damages, with legal interest thereon from date of judgment, and further judgment in favor of Mrs. Mary Lucket and against defendant, the Junius Hart Piano Company, Limited, in the sum of one hundred and ninety-five dollars with legal interest from judicial demand, and it is further ordered that defendant's demands be rejected at its costs in both Courts.

Opinion and decree, June 13th, 1913.